**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Myla D. Wimbley,

               Plaintiff,

vs.

CommonSpirit Health,

               Defendant.

Case No. 2:26-cv-01197-RFB-MDC

**ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS (ECF NO. 2)**

Pending before the Court is *pro se* plaintiff Myla D. Wimbley's *Application to Proceed In Forma Pauperis* ("IFP") (ECF No. 2). The Court **DENIES** the IFP application without prejudice. Plaintiff must either file a Long Form IFP application OR pay the full filing $405 fee by **June 8, 2026**.

**<u>DISCUSSION</u>**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed in forma pauperis. *See, e.g., Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district

1

court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16cv00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at *1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds in themselves for denying an IFP application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on in forma pauperis application).

The District of Nevada has adopted three types of IFP applications: a "Prisoner Form" for incarcerated persons and a "Short Form" (AO 240) and "Long Form" (AO 239) for non-incarcerated persons. The Long Form requires more detailed information than the Short Form. The court typically does not order an applicant to submit the Long Form unless the Short Form is inadequate, more information is needed, or it appears that the plaintiff is concealing information about his income for determining whether the applicant qualifies for IFP status. When an applicant is specifically ordered to submit the Long Form, the correct form must be submitted, and the applicant must provide all the information requested in the Long Form so that the court is able to make a fact finding regarding the applicant's financial status. S*ee, e.g.*, *Greco v. NYE Cty. Dist. Jude Robert Lane*, No. 2:15-cv-01370-MMD-PAL, 2016 WL 7493981, at *3 (D. Nev. November 9, 2016), report and recommendation adopted sub nom. *Greco v. Lake*, No. 2:15-cv-001370-MMD-PAL, 2016 WL 7493963 (D. Nev. December 30, 2016).

## **ANALYSIS**

The Court finds that it cannot determine plaintiff's IFP status at this time. Plaintiff filed an IFP application (ECF No. 2); however, it is neither a Short nor Long Form application. Plaintiff's application seems to be copied from parts of the Short Form application. As indicated above, the District of Nevada adopted the Short and Long Form applications to properly determine if plaintiff is unable to pay the

filing fee. The Court requires the filing of its approved applications in this instance so that it can properly determine if plaintiff qualifies for IFP status.

The Court additionally finds that plaintiff's application is incomplete. Plaintiff lists that she received "Short-Term Disability payments[,]" but does not state over what time period she was receiving those payments or how much she received. *ECF No. 2* at 2. Plaintiff also states that she is applying for Medicaid and SNAP benefits but does not clarify when she applied for those benefits and the status of her applications. *See id.* Further, although plaintiff states that she has two children that are dependent on her for support, she does not list any regular monthly expenses on her application. *Id.* at 2. Plaintiff must clarify her living situation and if she is responsible for paying any regular monthly expenses such as rent, a mortgage, food or clothing for herself and her children. Therefore, the Court finds it cannot make a determination of plaintiff's IFP status at this time. However, the Court will give plaintiff another opportunity to file her IFP application. If plaintiff wishes to proceed IFP, plaintiff must complete the Court's approved **Long Form** IFP application responding to the Court's request for clarification and additional information made by this order. Plaintiff also cannot leave questions blank or answer "N/A" without explanation when filling out the application. She must provide explanations for her answers.

//
//
//
//
//
//
//
//

3

ACCORDINGLY,

**IT IS ORDERED that:**

1.  The IFP application (ECF No. 2) is **DENIED WITHOUT PREJUDICE**.

2.  Plaintiff must either: (1) file a Long Form IFP application, curing the deficiencies noted in this Order, **or** (2) pay the full $405 filing fee by **June 8, 2026.**

3.  Failure to timely comply with this Order may result in a recommendation that this case be dismissed.

DATED: May 8, 2026.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.